Although I concur with the majoritys opinion to allow into evidence the expert testimony of Phillip R. Holder, I must respectfully dissent from their ultimate decision that plaintiff suffers from an occupational disease within the meaning of the Workers Compensation Act. Plaintiff has failed to prove by the greater weight of the evidence of record that her employment with defendant-employer caused or significantly contributed to her lateral epicondylitis, right carpal tunnel syndrome, radial tunnel syndrome or AC joint problems. Furthermore, plaintiffs employment did not place her at an increased risk of developing these conditions as compared to the general public.
In considering the totality of the testimony of Mr. Holder and Dr. Peter Hurley, at most, plaintiff has shown that her employment with defendant-employer was a "possible cause of her conditions. In fact, Mr. Holder actually reviewed plaintiffs job finding no increased risk and outlining important details such as the fact that plaintiff worked without applying much force and that her hands were typically in a neutral position. Moreover, plaintiffs testimony is consistent with that of Mr. Holder in this regard.
Finally, for the most part, Dr. Hurleys opinions do not describe a causal link beyond the realm of possibility and any of his opinions that do are based on inaccurate facts such as the lack of a neutral position of plaintiffs upper extremities. Therefore, I must respectfully disagree with the majoritys characterization of Dr. Hurleys testimony as sufficient to meet plaintiffs burden of proving a compensable occupational disease.
 S/_______________ DIANNE C. SELLERS COMMISSIONER